GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-01633-001-PHX-DWL |
| Plaintiff, | |
| vs. | UNITED STATES' SENTENCING MEMORANDUM |
| Kristopher Isaac Dinkins, | |
| Defendant. | |

Defendant KRISTOPHER ISAAC DINKINS ("Defendant") pleaded guilty to Count 4, Material False Statement During the Purchase of a Firearm, and Aid and Abet. The United States recommends that Defendant receive a sentence of no more than 24 months' incarceration.

The United States has no objections or corrections to the Presentence Report ("PSR"). (ECF 49.) The United States agrees with the PSR calculations resulting in a Total Offense Level of 19 and Criminal History Category I. PSR at ¶¶ 34 and 38, resulting in a Guidelines range of 30-37 months' imprisonment. Th government's recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

A grand jury indicted Defendant on November 21, 2023. On July 10, 2024, Defendant pleaded guilty to Count 4 of the Indictment, Material False Statement During

the Purchase of a Firearm and Aid and Abet, in violation of 18 United States Code §§ 922(a)(6), 924(a)(2), and 2. Defendant agreed with detailed facts in his plea agreement, including:

Between April and November 2022, Defendant Dinkins communicated with co-defendant Angel Duran (Duran) about purchasing firearms on behalf of others. During those seven months, Defendant Dinkins exchanged text messages with Duran regarding the types of firearms to purchase and how they would split of the profits.

On September 21, 2022, Defendant Dinkins purchased three rifles at Roe Armory in Glendale, Arizona. To obtain the firearms, Dinkins completed the Firearms Transaction Record, known as ATF Form 4473. A question of the Form 4473 asks if the purchaser is the "actual transferee/buyer" of the firearm with a warning that the purchaser is not the actual transferee/buyer if they are acquiring the firearm on behalf of another person. In response to that question, Dinkins indicated that he was the actual purchaser/buyer, when he knew that he was obtaining the firearms for someone else.

Additionally, in all of September 2022, in coordination with co-defendant Duran, Defendant Dinkins purchased a total of five rifles. Another person attempted to cross the border into Mexico with three of the rifles Dinkins had purchased the previous day.

The United States acknowledges that Defendant Dinkins's crimes were committed over two years ago. The government does not know of any other unlawful conduct committed by the Dinkins, and his criminal conduct appears to have ceased upon contact from law enforcement. According to the PSR, Dinkins has adjusted well to supervision, maintains a stable residence, is in a long-term relationship, and is employed.

**II.    UNITED STATES'S SENTENCING RECOMMENDATION**

Based on the analysis below, the United States recommends that Defendant receive a sentence of no more than 24 month's incarceration. The United States will dismiss Counts 1-3 of the Indictment at the time of sentencing.

**The Sentence is Appropriate under § 3553(a)**

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted). The Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that a custodial sentence of no more than 24 months for Defendant Dinkins is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1.    Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of Defendant Dinkins's offense are concerning. Purchasing firearms with the intent of those going to a person for whom the government has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals. Here, the firearms were headed into Mexico, where firearms are illegal. The nature and circumstances of Defendant Dinkins's actions could easily justify a lengthier custodial sentence. However, Defendant Dinkins's crimes did not span a lengthy time period; once contacted by law enforcement, his criminal conduct ceased; and he has remained law abiding. These factors weigh in favor of the recommendation herein.

## 2. Defendant's History and Characteristics

Defendant Dinkins's had a stable upbringing, and he is in a long-term relationship. While this is, on one hand weighs in Dinkins's favor, it also causes one to question why someone with such a strong support system would turn to criminal activity. Dinkins's history and characteristics weigh in favor of a sentence of no more than 24 months incarceration. Defendant has no prior felony convictions, making him criminal history a category I. Several years have passed since that criminal activity, and Defendant Dinkins has remained law abiding. The PSR reports that Dinkins has maintained a stable residence and employment.

## 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As mentioned, Defendant Dinkins's crime is a serious offense, with the potential for danger to the community. However, considering all the relevant factors, the recommended sentence is appropriate for this individual.

## 4. The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The government is optimistic that a felony conviction will be a specific deterrent from future criminal activity.

The need for deterrence also extends beyond preventing recidivism by just a specific defendant. General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant. *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing"). Here, other people should be deterred from committing a similar crime based on Defendant Dinkins's conviction and prison sentence.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C). Defendant Dinkins's conduct is serious because it impedes law enforcement from regulating which individuals possess firearms.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D). From review of the PSR, it does not appear that Defendant Dinkins needs any substance abuse treatment, education, or vocational skills.

## III.    CONCLUSION

The United States recommends that Defendant Dinkins receive a term of incarceration of no more than 24 months. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 11th day of September, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

s/ Jacqueline Schesnol
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on September 11, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Joshua Kolsrud
Counsel for Defendant Dinkins

s/ J. Schesnol
U.S. Attorney's Office